```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

KHALED J. QADER                          CIVIL ACTION

VERSUS                                   NO: 06-11232

ALLSTATE INSURANCE COMPANY               SECTION: R(4)
```

### ORDER AND REASONS

Before the Court is defendant Allstate Insurance Company's Motion to Quash Jury Demand.  For the reasons stated below, defendant's motion is GRANTED IN PART and DENIED IN PART.

Plaintiff sued Allstate Insurance Company in state court on August 23, 2006 for damage to his property in New Orleans, Louisiana that occurred during Hurricane Katrina.  On December 21, 2006, defendant removed the case to federal court.  Plaintiff has an Allstate homeowners insurance policy and also carries a National Flood Insurance Policy ("NFIP") issued by Allstate through its capacity as a flood insurer designated as a Write Your Own insurer ("WYO").

Defendant contends that Qader is not entitled to a jury trial for his claims against Allstate under his NFIP Standard Flood Insurance Policy because: (1) the Seventh Amendment right to a jury trial does not apply; (2) the funds at issue in this matter are U.S. Treasury funds and not the funds of Allstate; as such, the Seventh Amendment right to a jury trial does not apply;

and (3) the National Flood Insurance Act of 1968 does not allow for jury trials involving the NFIP.

Plaintiff concedes that he has no right to a jury trial on his NFIP claim. (*See* Pl.'s Response, R. Doc. 29) ("Plaintiff agrees and concedes that he is not entitled to a jury against Allstate in its capacity as a flood insurer".) The Court therefore grants Allstate's motion to quash the jury trial with respect to plaintiff's flood insurance claims. *See also Davis v. American Sec. Ins Co.*, 2008 WL 170697 (E.D. La. 2008) (granting motion to quash jury demand as to plaintiff's NFIP claims); *Leach v. Ameriquest Mortg. Services*, 2007 WL 2668888 (E.D. La. 2007) (holding that right to a jury trial is not applicable in actions to recover funds from the U.S. Treasury).

However, plaintiff retains the right to a jury trial for his claims related to his homeowners policy. Accordingly, the Court GRANTS IN PART and DENIES IN PART Allstate's motion to quash the jury demand. Pursuant to Federal Rule of Civil Procedure 39(c), the Court will utilize the jury empaneled for the homeowners claim in an advisory capacity for plaintiff's flood insurance claims.

New Orleans, Louisiana, this 17th day of June, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE